Bodine, 74 N. Y. 30–33; Walker v. Spencer, 86 N. Y. 162, and the like) do not apply. I find that agreement between the parties was° for a joint enterprise to which each contributed certain capital for the purpose of joint profit, subject to the risk of joint loss. The law countenances and upholds such a business arrangement as this, though by parol. Chester v. Dickerson, 54 N. Y. 1; Traphagen v. Burt, 67 N. Y. 30. Though the property stands in defendant's name, equity regards her as a trustee. Williams v. Gilliers, 75 N. Y. 202. The proof of plaintiff's interest was competent. Teschmacker v. Lenz, 82 Hun, 594, 31 N. Y. Supp. 543. The realty is regarded as partnership property, and is so dealt with. Buchan v. Sumner, 2 Barb. Ch. 167; Collumb v. Read, 24 N. Y. 505; Fairchild v. Fairchild, 64 N. Y. 471. Judgment for plaintiff, with costs.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Thomas F. Magner, for appellant.

Moffett & Kramer (Chas. W. Laskey, of counsel), for respondent.

PER CURIAM. Interlocutory judgment affirmed, on the opinion of Mr. Justice JENKS at special term, costs to abide the final award of costs.

---

(31 Misc. Rep. 571.)

NEW YORK CENT. & H. R. R. CO. et al. v. WARREN.

(Supreme Court, Special Term, Ulster County.   May 5, 1900.)

RAILROAD COMPANY—PRIVATE DEPOT GROUNDS—HACKMAN—SOLICITATION OF BUSINESS—PRELIMINARY INJUNCTION.

 Though Railroad Law, § 34, provides that no preference for the transaction of the business of a common carrier on its grounds shall be granted by any railroad corporation to any one of two or more persons competing in the same business, a preliminary injunction will be granted a railroad company and a hackman to whom it has granted the exclusive privilege of entering its private depot grounds for the delivery of intended passengers and the solicitation of employment from arriving passengers, to restrain a competing hackman from remaining on such grounds, and there soliciting employment by passengers, and from interfering with the business of plaintiffs, or any other person, at such place, though not to prevent defendant from fulfilling his contracts with third persons, made elsewhere, for their delivery at or removal from such grounds, nor to prevent his fulfilling his contract for carrying the United States mails.

Suit by the New York Central & Hudson River Railroad Company and Moses McMullen against Edward B. Warren. Order to show cause why plaintiffs should not be awarded a preliminary injunction. Injunction denied.

Amos Van Etten, for plaintiffs.

Brinnier & Searing, for defendant.

BETTS, J. This matter comes before me on an order to show cause why an injunction should not be granted herein pending the trial of the action, substantially as asked for in the complaint. The facts disclosed by the papers are substantially as follows: The complaint shows that the plaintiff railroad company, as lessee of the West Shore Railroad, is in possession of certain lands about the railroad station at Marlboro, Ulster county, N. Y., and maintains said grounds for

its railroad business for the accommodation of the public traveling on its railroad, and has laid out and maintains a private roadway and approaches to the said station over said lands for passengers on foot or in vehicles going to or departing from said station to the trains stopping thereat, and for all having business relations with said company. That for the purpose of preventing annoyance to passengers from the defendant and other persons engaged in that business,—i. e. stage and hack drivers from going on said premises and soliciting patronage from passengers,—and for providing a safe and orderly transportation for its passengers, plaintiff railroad company, on or about January 2, 1900, entered into a contract with the plaintiff McMullen by which the railroad company granted to said McMullen, for a valuable consideration, the exclusive privilege, so far as it lawfully can, of going on said lands with vehicles for the purposes of bringing intending passengers to said station, and of soliciting or obtaining patronage from passengers traveling by the West Shore Railroad who arrive at Marlboro, and by the said agreement McMullen agreed to furnish at all times a suitable number of vehicles for the purpose of carrying and receiving passengers and baggage to and from said station. That by the terms of the said agreement good order was to be maintained, so that passengers may not be molested or annoyed, and the rate of fare to said McMullen for the conveyance of passengers was regulated, and McMullen has valuable rights under the contract, which are being invaded by the defendant. That McMullen has carried out his part of the contract since about January 1, 1900. That since said date the defendant has, without the permision of plaintiffs, and against their prohibition, entered upon said lands about the said station for the purpose of obtaining employment by passengers, and has remained thereon soliciting employment of passengers, and has a vehicle there, and has disregarded the regulations of the said railroad company, and has obstructed said premises and interfered with the conduct of the business of the plaintiffs, and has refused to discontinue such practice. That the business of the plaintiffs has been interfered with thereby, and that the defendant's acts have and do cause great disturbance about said station, and annoyed passengers; and that the plaintiffs suffered damages to the amount of $1,000, and they ask that defendant be perpetually restrained from entering upon said premises for the purposes of soliciting passengers' patronage, and from obstructing the approaches to said premises and interfering with the free and unobstructed right of ingress or egress of the plaintiffs, and from entering, remaining, or being upon said premises of the plaintiff railroad company in any other manner or in any other way except that which may be used by the public in going to and departing from the trains of the plaintiff railroad company, and that a temporary injunction be granted. An affidavit of Supt. Stewart of the West Shore Railroad was also submitted, which sets forth the fact that the defendant, Warren, had submitted a bid in writing for the exclusive privilege, which was subsequently given to McMullen, and that Stewart had notified defendant to remove his stage from the lands of the plaintiff railroad company and from alongside of their depot building, which he refused to do. The defendant, upon the hearing, submits a volumi-

nous affidavit setting up, in substance:    That Marlboro is an unincorpo-- rated village, containing not to exceed 1,300 people.    That he has been engaged for some time in conveying passengers arriving at and depart-- ing from the plaintiff railroad company's trains and their baggage to and from said station to their several residences or destinations in said village.    That he has a contract with the United States government for the carrying of the United States mail from the post office to the railroad at Marlboro, and it is his duty to deliver such mail on board the trains.    That, so far as his business of carrying passengers and baggage is concerned, it is transacted as follows:    He receives orders to call at the houses of persons desiring to travel by train, calls and gets such persons, and conveys them to the station.    He also receives orders to meet trains for passengers arriving by such trains and to convey them to their destinations in said village.    That when he takes a passenger to a train he awaits the arrival of such train, and takes to the village such persons who arrive there and wish to ride with him; and that under his contract with the government he has to meet all trains carrying mail, whether he has passengers or not.    That he does not solicit passengers, or interfere with the business of either of the plaintiffs, and that he has at no time solicited passengers or asked persons to patronize him, except only from those for whom he had an or- der, and then only to show them his conveyance.    That his conveyance is placed at a distance from the platform, except in rainy weather. No map is produced on this application, and it does not appear from the papers whether the grounds which plaintiff McMullen and defend- ant are now using are inclosed or otherwise.    The affidavit of de-- fendant states that the space surrounding the Marlboro station is large, and that no other vehicles for the conveyance of passengers are at said station except those of defendant and plaintiff McMullen and persons having private carriages.    The defendant further says that there is never any obstruction by him to plaintiffs or passengers there; that his acts do not at any time cause any disturbance about said sta- tion, or annoy any passenger arriving at or departing from said sta- tion.    The defendant also submits the affidavits of about 25 residents of Marlboro, all of whom say, in substance, that they have frequently been at the said station since the 1st of January, 1900, at the arrival and departure of trains, and that they have not seen said Warren, nor any employé of his, solicit or attempt to solicit passengers arriv- ing by trains, or obstruct the free public use of the station platform or cars, and that his stage has always been placed at a distance from the platform.    It is claimed on behalf of the defendant that the in- junction asked for would be contrary to the provisions of section 34 of the railroad law.    That section, so far as is applicable here, is as fol- lows:

"No preference for the transaction of the business of a common carrier upon its cars, or in its depots or buildings, or upon its grounds, shall be granted by any railroad corporation to any one of two or more persons, associations or corporations competing in the same business, or in the business of trans- porting property for themselves or others."

So far as applicable here, that portion of that section would read as follows:

"No preference for the transaction of the business of a common carrier
\* \* \* upon its grounds shall be granted by any railroad corporation to any
one of two or more persons \* \* \* competing in the same business
\* \* \*."

This section of the railroad law has received construction in numer-
ous cases to which my attention has been called, and which I will very
briefly refer to. Railroad Co. v. Flynn, 74 Hun, 124, 26 N. Y. Supp.
859, was an action brought to obtain a perpetual injunction by the
plaintiff against the defendants' hackmen, in the city of Albany, under
circumstances somewhat similar to these, except that there the defend-
ants claimed that they had a right, and exercised it, to go upon the
private way and grounds of the plaintiff railroad company for the pur-
pose of soliciting and obtaining employment by passengers, and re-
mained upon the same soliciting employment, while here defendant
denies that he has solicited employment, or desires so to do. The
court held that, while the question involved is not free from doubt,
and the meaning of the statutory provision is not entirely clear, they
construed it to mean that no preference for the transaction of the busi-
ness of a common carrier upon its grounds shall be given by railroad
corporations to any one of two or more persons in the same business,
or in the business of transporting property, who have contractual
relations with said railroad corporation. In that case the order from
which the appeal was taken was not intended to prevent the defend-
ants from leaving passengers or freight at plaintiff's depot, or from
taking passengers or freight therefrom, but simply to prohibit defend-
ants' hacks and employés from remaining on plaintiff's premises and
making plaintiff's premises a standing ground while soliciting em-
ployment, they having no contractual relations with plaintiff. The
court continued the injunction. The court accepted the views ex-
pressed in the case of Railroad Co. v. Tripp, 147 Mass. 35, 17 N. E.
89, which will be more fully referred to herein as applicable to that
case, and expressing their views therefor. The Consolidated Transfer
Company had paid for the exclusive privilege of going upon said
premises for the purpose of soliciting patronage from the passengers
of said railroad company, and defendants had not. The case of Brown
v. Railroad Co., 75 Hun, 355, 27 N. Y. Supp. 69, arose in Niagara Falls
upon an injunction obtained by a carriage owner, which carriages he
used to transport passengers to the city of Niagara Falls. The rail-
road company maintained a yard inclosed in such a manner as to pre-
vent access thereto except through gates. The railroad company had
entered into a contract with a coach company for a valuable considera-
tion, by which it gave them the exclusive right to enter said yard with
its coaches and carriages, and solicit and receive passengers from the
railroad company's trains. In that action the plaintiff and the coach
company were given equal privileges of delivering people at the de-
pot. The plaintiff in that action sought to restrain the railroad com-
pany from entering into this exclusive contract with the coach com-
pany, and from giving the coach company the exclusive right to enter
this inclosed yard and solicit patronage from passengers, which was
denied. Railroad Co. v. Sheeley (Sup.) 27 N. Y. Supp. 185, was an-
other action arising in regard to the station grounds at Niagara Falls.

In that case the railroad company offered to admit defendants' hackmen to the privileges of its station grounds at Niagara Falls upon its complying with the terms exacted by the plaintiff. The defendants did not offer to comply with these, and claimed that they were unreasonable, and also that they had the right to enter upon said grounds, and carry on their business as hackmen, notwithstanding the objection of plaintiff. The court continued the injunction, holding, in substance, that where a railroad company offers to allow all the hackmen the same privileges and facilities in its grounds on their paying the company a certain compensation, the court will not inquire into the reasonableness of such compensation. Railroad Co. v. Tripp, 147 Mass. 35, 17 N. E. 89, holds that under the Massachusetts statute—somewhat similar to the New York statute—a railroad corporation may contract with one to furnish the means to carry incoming baggage or merchandise from its station, and may grant to him the exclusive right there to solicit the patronage of such passengers. The action related entirely to the baggage of passengers, and the railroad company allowed the defendant, Tripp, to come to the station, and deliver such baggage and merchandise, and take away such as he might have previous orders for. The defendant, after being directed to desist, continued to come upon the premises, and solicit baggage and merchandise from the incoming passengers. An injunction was granted to restrain him from thus soliciting baggage and merchandise at that place. It seems clear from these decisions, and also from a reasonable construction of the rights which the plaintiff railroad company has as a common carrier, that the defendant has no right to go upon its grounds for the purpose of soliciting employment from incoming passengers when objected to by the railroad company, as against some other hackman who has paid the railroad company for the exclusive privilege. The soliciting of passengers by defendant is controverted. Plaintiffs allege it, and defendant denies it, or any intention so to do. An injunction, under these circumstances, can do no harm, and is justified by the decisions. An injunction for that purpose will be granted pending the trial of this action.

None of these decisions referred to, and none to which may attention has been called, hold that a hackman or carrier of passengers may not go upon the lands of the railroad company provided for and set apart for the use of the public arriving and departing in vehicles or on foot for the purpose of delivering there intended passengers for such railroad who have employed him so to do; nor do they hold that hackmen or carriers of passengers may not go to the same place to receive passengers arriving from such trains who have previously contracted with such hackman or carrier of passengers for that purpose. The complaint avers:

"The plaintiff railroad company has laid out and maintains a private roadway and approaches to said depot over the lands it leases for passengers on foot or in vehicles going to or departing from said station or depot to the trains stopping thereat, and for all having business relations or connections with the plaintiff railroad company."

Under such proper regulations as may be necessary for the comfort and convenience of its passengers and the proper conduct of its busi-

ness, the railroad company is compelled to accept every person arriving at its trains as a passenger, and under its duties as a common carrier it must treat all alike,—those departing and those arriving. It is not apparent how it is any concern of the railroad company whether John Jones, residing in Marlboro village, who desires to take a train at that station, comes there in his own private conveyance or in a conveyance in which other people are seated, so long as he conforms to all the reasonable rules regulating the arrival of passengers made by the company; and the reasonableness of its rules is not solely for the company to determine, but would be determined both by the convenience of the company and of the public patronizing its road. A rule which, in effect, excluded one man and admitted all others, would probably not be considered reasonable. If anything, it would seem to tend to less confusion and disorder about a depot grounds to have 10 persons either arrive at or depart from a train at a country village like Marlboro in 1 conveyance, rather than in 10 conveyances. The defendant, in carrying or going for these passengers or intending passengers of the railroad company to this station, would seem to be simply acting as their agent or servant. Upon the facts as they now appear, an injunction is denied the plaintiffs restraining defendant until the trial of this action from delivering intending passengers (of the railroad company) by whom he has been employed for that purpose upon the grounds of the railroad company provided for the use of arriving and departing passengers and vehicles, and is also refused for restraining defendant from going to said place after passengers arriving on incoming trains, or whom he expects to arrive on incoming trains, who had previously employed him to meet them at the station for the purpose of carrying them to their homes or places of destination. The defendant, however, after depositing his passengers for the incoming train, may not loiter upon the premises of the railroad company against its will, or in any way obstruct or interfere with the business of either of the plaintiffs, or of other persons having business there; and must, if so directed, depart from said premises until about the time of the arrival or the schedule time of the arrival of the train upon which he expects the person or persons who had previously employed him to arrive.

The parties to the contract between the United States government and the defendant as to delivery of mail are not before the court. An injunction would not be binding upon the United States government, and would not relieve the defendant from any breach of that contract. The complaint in no way refers to said contract, and an injunction will not now be granted which in any way attempts to regulate the rights or duties of the parties thereto.